CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA

MAY 22 2014

JULIA C. DUDLEY, CLERK
BY: _____
  DEPUTY CLERK



# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| **JERAMIAH CHAMBERLAIN,** | ) | **Civil No. 7:14-cv-00013** |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| | ) | |
| **HAROLD CLARKE, et al.,** | ) | **By: Samuel G. Wilson** |
| **Defendants.** | ) | **United States District Judge** |

Jeramiah Chamberlain, a Virginia inmate proceeding *pro se*, brings this civil rights action under

42 U.S.C. § 1983 for damages and injunctive relief against Wallens Ridge State Prison (WRSP)

physician, Dr. Daniel Miller, and administrators, M. Stanford, Harold W. Clarke, and Gregory Holloway,

alleging they were deliberately indifferent for not treating his Hepatitis C because they concluded it did

not require treatment and for providing ineffective treatment for his pain. The defendants have moved to

dismiss, claiming Chamberlain's complaint fails to state a plausible claim for relief. Finding the

complaint clearly shows that WRSP medical personnel evaluated and responded to Chamberlain's

medical needs, and Chamberlain simply disagrees with the course and effectiveness of his treatment, the

court will grant the defendants' motions to dismiss.

I.

Chamberlain's complaint alleges the following facts. Chamberlain suffers from Hepatitis C as

well as pain in his arm caused by a gunshot wound he suffered during his arrest in 2011. Shortly after

arriving at WRSP on July 30, 2013, Chamberlain saw Dr. Miller for an intake evaluation. (Compl. at 2)

During that evaluation, Chamberlain told Dr. Miller he wanted to begin Hepatitis C treatment, and Dr.

Miller responded that "[Chamberlain's] liver enzymes were normal and didn't warrant treatment for the

Hepatitis." (Id. at 2-3) Chamberlain saw Dr. Miller again on August 21, 2013 and explained his "constant

discomfort and complications due to the Hepatitis-C symptoms," but Chamberlain asserts "Dr. Miller

again refused treatment." (Id. at 3) Although Chamberlain's symptoms persist, he claims "Dr. Miller has

not done any further blood work or anything in regards to [his] complaints." (Id.) Chamberlain also asserts he has "requested pain management" and, he elaborates, "[a]n attempt was made but [he] suffered adverse reactions to the tried medications." (Id.) After that, Dr. Miller "only prescribed Tylenol," which Chamberlain asserts was "not effective." (Id.) Chamberlain proposed "surgical possibilities and other rehabilitative options to relieve [his] pain," but Dr. Miller responded "there is nothing he can do." (Id.) As for the other defendants, Chamberlain states nothing more than that they "were made aware of this situation" through the grievance process. For his alleged injuries, Chamberlain seeks declaratory and injunctive relief, and compensatory and punitive damages against Dr. Miller.

The defendants have moved to dismiss Chamberlain's complaint for failure to state a plausible claim for relief and, though given an opportunity, Chamberlain has failed to respond.[1]

II.

Chamberlain maintains the defendants were deliberately indifferent for determining that his Hepatitis C did not warrant treatment and for failing to effectively treat his pain. Because Chamberlain's complaint clearly shows that he received medical treatment, and that his dissatisfaction with that treatment does not state a plausible claim for relief, the court will grant the defendants' motions to dismiss.[2]

---

[1] Chamberlain brought similar deliberate indifference claims against Western Virginia Regional Jail in Chamberlain v. Russell, 2014 WL 824009 (W.D. Va. March 3, 2014). Finding the uncontroverted evidence in that case showed that Chamberlain received medical treatment, the court granted the defendants' motion for summary judgment.

[2] The purpose of Federal Rule of Civil Procedure 12(b)(6) is to "test the sufficiency of the complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Edwards v. City of Goldsboro, 178 F.3d 231, 243-44 (4th Cir. 1999). Under Rule 12(b)(6), a court must take the allegations in the complaint as true and draw reasonable inferences in the plaintiff's favor. Id. at 244. To survive the motion, the plaintiff must allege facts sufficient to "raise a right to relief above the speculative level," Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and the plaintiff may not rely on conclusory allegations or unreasonable inferences. Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002).

Chamberlain, as a *pro se* litigant, is entitled to liberal construction of his complaint, and his allegations "should not be tripped up in court on technical niceties." Baudette v. City of Hampton, 775 F.2d 1274, 1277-78 (4th Cir. 1985). Liberal construction, however, is not without

The Eighth Amendment proscribes prison officials from acting with deliberate indifference to an inmate's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 105 (1976); Jackson v. Sampson, 536 F. App'x 356, 357 (4th Cir. 2013) (per curiam); Staples v. Va. Dep't of Corr., 904 F. Supp. 487, 492 (E.D. Va. 1995). A prison official is "deliberately indifferent" only if he "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106. Instead, to state a valid claim of deliberate indifference, the medical provider's actions must be "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Jackson, 536 F. App'x at 357. That an inmate simply disagrees with the course of treatment or the treatment is unsuccessful will not raise a deliberate indifference claim. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985); Harris v. Murray, 761 F. Supp. 409, 414 (E.D. Va. 1990).

## A.

It is clear from Chamberlain's version of events that Dr. Miller saw him several times, was aware of his Hepatitis C, evaluated his liver enzymes, and indicated that treatment was not warranted. See Lee v. Gurney, 3:08-CV-161, 2011 WL 2681225, at *5-6 (E.D. Va. July 8, 2011) (citing cases holding that refusal to provide certain hepatitis C treatments absent a medical necessity was not deliberate indifference). As for Chamberlain's chronic pain, the Eighth

limits and does not require the court to "conjure up questions never squarely presented." Id. at 1278.

Amendment does not require Dr. Miller to "keep [Chamberlain] pain-free in the aftermath of proper medical treatment." Snipes v. DeTella, 95 F.3d 586, 592 (7th Cir. 1996); Cash v. Townley, No. 7:12-cv-00169, 2013 WL 1146233 (W.D. Va. Mar. 19, 2013).[3] Dr. Miller attempted to treat Chamberlain's pain with medications other than Tylenol, but only prescribed Tylenol when Chamberlain had an adverse reaction to them.[4] Ultimately, Dr. Miller's medical conclusions are not subject to hindsight judicial review. See Russell v. Shefer, 528 F.2d 44, 48 (4th Cir. 1975) ("Questions of medical judgment are not subject to judicial review.").

Chamberlain's apparent disagreement with the course and effectiveness of his treatment fails to state a plausible § 1983 claim. Harris, 761 F. Supp. at 414. See also Peterson v. Davis, 551 F. Supp. 137, 146 (D. Md. 1982) ("The mere failure to treat all medical problems to a prisoner's satisfaction, even if that failure amounts to medical malpractice, is insufficient to support a claim under § 1983."). Chamberlain does not assert that any physician has determined that treatment Hepatitis C or an alternative treatment for pain management would have been appropriate. Chamberlain's own complaint shows that Dr. Miller endeavored to evaluate and respond to Chamberlain's various medical needs. Chamberlain's dissatisfaction with his course of treatment does state a plausible § 1983 claim.

---

[3] Indeed, a prison physician's "decision to prescribe medication conservatively," in response to an inmate's complaints of pain, does not violate his constitutional rights. Reyes v. Gardener, 93 Fed. Appx. 283, 285 (2d Cir. 2004); Floyd v. Owens, 1987 WL 11906, at *1 (E.D. Pa. 1987) (dismissing as frivolous an inmate's § 1983 claim that medical staff "should have prescribed a pain medication more potent than Motrin").

[4] Chamberlain vaguely alleges that Tylenol is "damaging to the liver" and harmful in conjunction with his Hepatitis C, but he does not allege that such harm is imminent or that a physician has advised him that Tylenol is harmful to him. See Oglesby v. Abbassi, 2013 WL 4759249, at * 8 (E.D. Va. Sept. 4, 2013) (finding prison doctor was not deliberately indifferent where inmate alleged Tylenol could "accelerate" his Hepatitis C condition). Notably, Chamberlain does not assert that he previously required Hepititis C treatment or that the defendants discontinued Hepatitis C treatment. Cf. Erickson v. Pardus, 551 U.S. 89, 90-4 (2007) (holding an inmate who had been diagnosed as needing Hepatitis C treatment and prescribed such treatment stated an Eighth Amendment Claim when the defendants discontinued that treatment).

## B.

The absence of a plausible deliberate indifference claim also ends the inquiry as to the administrative defendants. Even so, an inmate cannot prevail on a deliberate indifference to medical needs claim against non-medical prison personnel unless they were personally involved with a denial of treatment, deliberately interfered with a prison doctor's treatment, or tacitly authorized or were deliberately indifferent to a prison doctor's misconduct. Miltier v. Beorn, 896 F.2d 848, 854-55 (4th Cir. 1990); Lewis v. Angelone, 926 F. Supp. 69, 73 (W.D. Va. 1996). As for claims related to grievance responses, inmates do not have a constitutionally protected right to a grievance procedure and there is no liability under § 1983 for a prison official's grievance response. Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (superseded on other grounds); Brown v. Va. Dep't Corr., No. 6:07cv00033, 2009 WL 87459, at *13. (W.D. Va. Jan. 9, 2009). Here, Chamberlain asserts nothing more than that Stanford, Clarke, and Holloway were "made aware of this situation" through the grievance process. He does not suggest they were even remotely involved with his medical treatment, and his implicit dissatisfaction with their responses to his grievances is a non-starter.

## III.

All in all, it is clear from the complaint that this is not a case where the defendants refused to provide a prescribed treatment or refused to evaluate and respond to Chamberlain's various ailments. Chamberlain simply takes exception to the course of treatment WRSP provided him, and the court will therefore grant the defendants' motions to dismiss.

**ENTER**: May 22, 2014.

_____
UNITED STATES DISTRICT JUDGE

5